## MOOR, RECEIVER, *v.* MALES ET AL.

[No. 7,359.   Appeal dismissed April 23, 1910.   Rehearing denied
July 1, 1910.]

1. APPEAL.—*Parties.*—*Dismissal.*—An appeal which omits neces-
sary parties, will be dismissed.   p. 311.
2. APPEAL. — *Parties. — Receivers. — Stockholders. — Building and
Loan Associations.*—In an appeal by a receiver of a building and
loan association from a judgment in his favor against certain
stockholders thereof for the recovery of alleged excess payments
made to them, they are necessary parties, and a failure to make
them such is fatal.   p. 312.

From Decatur Circuit Court; *Marshall Hacker*, Judge.

Suit by Alvan Moor, as receiver of the Equitable Build-
ing Loan Fund and Savings Association, against Riley
Males and others.   From a decree for plaintiff, he appeals.
*Appeal dismissed.*

*Watson, Titsworth & Green, Bennett & Davidson, Tre-
main & Turner* and *Louis B. Ewbank,* for appellant.

*Goddard & Craig, Megee & Kiplinger, Samuel L. Trabue,
Wickens & Osborn, D. W. McKee* and *J. M. Stevens,* for
appellees.

PER CURIAM.—The appeal in this cause is dismissed.

## ON PETITION FOR REHEARING.

RABB, J.—The appeal in this case was dismissed, for the
reason that appellant failed to bring before this court all of
the necessary parties to the judgment appealed from.

1.   Appellant earnestly insists in his petition for a re-
hearing that the court is in error in holding that the
parties to the action omitted from the appeal are parties to
the judgment appealed from, in such sense as to require that
they be joined as appellees in the appeal, and we are cited
to numerous cases holding that parties to the record, having
no interest that can be affected by the appeal, are unnec-

essary parties to an appeal from such judgment. We recognize the rule laid down in the cases cited, but think it has no application to the case at bar.

Appellant is the receiver of an insolvent building and loan association, and this was an equitable proceeding for the purpose of marshaling the assets of the association and making an equitable distribution thereof among the persons entitled thereto. The averments of the complaint show that defendants were stockholders in the association, and that after it went into voluntary liquidation there was wrongfully paid to each stockholder upon his stock, from the assets of the association, a certain specified sum, which it is averred was the full face value of his share of stock, and that there were certain other stockholders, who owned certain shares of stock, of a certain face value, and whose rights to share in the assets of the association stood upon an equality with the rights of each of defendants, and that the entire assets of the association in the hands of the receiver, available for paying the claims of said stockholders, who had received nothing upon their said claims, was a certain sum wholly insufficient to equalize said stockholders with the defendants in the distribution of the assets of the association. The relief prayed for was a judgment requiring defendants to pay back to said receiver such sums as would equalize the stockholders in the distribution of said assets. Upon this complaint a judgment was rendered in favor of the receiver against twenty-seven different defendants for different sums named therein.

In this appeal some of the parties against whom judgment was rendered are not made parties. The purpose of this proceeding was to equalize the rights of stockholders in the assets of the association. The right of appellant to recover against any one of the defendants necessarily depended upon the relative right of such defendant as against the other stockholders. In determining the amount of such recovery, the court had to determine the amount due from

each of the other defendants and the sum due to each of the remaining stockholders from the common fund. The court was required to determine, in effect, the amount each stockholder was entitled to receive from the assets. The matter really adjudicated by the court was the right of each stockholder as against every other stockholder; and if this case is reversed, and the cause retried, the rights of the parties must be determined in the same way, and appellees would each have the right, if the judgment is set aside, to have the case retried in its entirety, and the question of the liability of the judgment defendants, not made parties to the appeal, readjusted. Such being the case, they were necessary parties to the appeal.

Petition for rehearing overruled.